**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MARTIN CONNORS and CATHERINE
SABFULSKI,

      Plaintiffs,

          v.

LORI CONNORS, ROBERT PACE,
DEBORAH PARKER, DAVID LUPAS,
JACKIE CARROLL, NANCY VIOLI,
MICHAEL DESSOYE, KATHY JO
WINTERBOTTOM, and LISA CHRISTIE,

      Defendants.

NO. 3:07-CV-2186

(JUDGE CAPUTO)

**MEMORANDUM**

Presently before the Court is Defendants Kathy Jo Winterbottom and Lisa

Christie's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc.

24.)  Defendants' motion will be granted in part and denied in part.  The First Amendment

retaliation claim by Plaintiff Catherine Sabfulski against Defendants Winterbottom and

Christie will be dismissed, as Plaintiff Sabfulski has failed to allege a protected activity.

The Fourth Amendment claims by Plaintiffs Sabfulski and Martin Connors against

Defendants Winterbottom and Christie will also be dismissed, as the Complaint is devoid

of allegations linking these particular Defendants to a search or seizure.  Plaintiffs

Sabfulski and Connors' Fourteenth Amendment procedural due process claim against

Defendants Winterbottom and Christie will be dismissed, as Plaintiff Connors has failed

to allege a sufficient property interest and is barred by the statute of limitations.  Similarly,

Plaintiff Sabfulski has failed to allege a property interest for purposes of a procedural due

process claim.  Defendants' motion to dismiss the Fourteenth Amendment substantive due process claims will be denied because Plaintiffs have properly alleged a privacy right in the nude photographs of Plaintiff Sabfulski.  Finally, Defendants Winterbottom and Christie's motion to dismiss the state law claims of defamation and civil conspiracy will be denied, as it is unclear at this time if they are protected by state sovereign immunity.

Jurisdiction exists under section 1331 of Title 28 of the United States Code ("federal question").  The Court has supplemental jurisdiction to hear the related state law claims pursuant to 28 U.S.C. § 1367.

## BACKGROUND

The facts as alleged in Plaintiff's Complaint are as follows.

Plaintiff Martin Connors is a Pennsylvania State Trooper.  (Compl. ¶ 1, Doc. 1.)  His girlfriend, Catherine Sabfulski, is also a Plaintiff in this matter.  (*Id.* ¶¶ 7.)  Moving Defendants are Kathy Jo Winterbottom, a Lieutenant in the Pennsylvania State Police, and Lisa Christie, a Captain in the Pennsylvania State Police.  (*Id.* ¶¶ 15, 16.)  Other defendants include Lori Connors, who is Plaintiff Martin Connors' former wife, and Robert Pace, who is Lori Connors' father.  (*Id.* ¶ 1.)  Luzerne County Defendants include David Lupas, a District Attorney; Jackie Carroll, a First Assistant District Attorney; Nancy Violi, an Assistant District Attorney; Deborah Parker, the Detective Lieutenant; and Michael Dessoye, the Chief County Detective.  (*Id.* ¶¶ 10, 11, 12, 13, 14.)

On or about January 25, 2004, Plaintiff Martin Connors and Defendant Lori Connors separated with intent to dissolve their marriage.  (*Id.* ¶ 17.)  Plaintiff Martin

Connors alleges that shortly after that time, Defendant Lori Connors threatened that if he tried to get custody of their five (5) year old daughter, she would make sure that he got in trouble at his job. (*Id.* ¶ 18.)  Plaintiff Connors alleges that Defendant Pace made statements "that he was going to dedicate the rest of his life to putting the Plaintiff through a living hell." (*Id.* ¶ 19.)  On or about October 2005, Defendants Connors and Pace knowingly made false allegations to the Kingston Police that Plaintiff Connors sexually molested the couples' five (5) year old daughter.  (*Id.* ¶ 20.)  At the time of this complaint, Defendant Pace also voiced allegations that Plaintiff Connors' computer contained pornography.  (*Id.* ¶ 22.)  At the time, police told Defendant Pace they were not interested unless it contained child pornography. (*Id.*)  Defendant Pace stated it was not. (*Id.*)  Shortly thereafter, Defendant made allegations to the police that the computer did contain child pornography.  (*Id.* ¶ 23.)

On or about October 25, 2005, Defendant Pace met with Defendants Lupas, Carroll, Dessoye, Violi, and Parker, and admitted to them that his granddaughter was not making allegations of abuse.  (*Id.* ¶ 24.)  Defendant Pace further stated that if Plaintiff Connors were fired, it would help Defendant Lori Connors in her custody battle.  (*Id.*) These Defendants then agreed to investigate Plaintiff Connors.  (*Id.*)  Defendant Parker began an investigation of Plaintiff Connors as a result of Defendant Pace's allegations of child pornography.  (*Id.* ¶ 25.)  Defendant Parker searched Plaintiff Connors' computer. (*Id.* ¶ 28.)  This computer belonged to Plaintiff Connors during his marriage to Defendant Lori Connors, but was not equitably distributed in the marriage settlement.  (*Id.*)

In October 2005, Plaintiff Connors received a letter from the Pennsylvania State

3

Police that he was being placed on restricted duty. (*Id.* ¶ 26.)  He was told that he could not identify himself as a member of the Pennsylvania State Police, that he must turn in his badge and gun, and must identify himself at the end of each shift.  (*Id.*)  Plaintiff Connors was not offered a hearing or opportunity to address the issues prior to being placed on restricted duty.  (*Id.* ¶ 27.)

On or about October 27, 2005, the Luzerne County Children and Youth ("CYS") completed their investigation of child molestation charges made by Defendant Connors and Pace.  (*Id.* ¶ 29.)  CYS found the allegations to be unsubstantiated.  (*Id.*)  On or about November 1, 2005, CYS informed the Pennsylvania State Police that the allegations of molestation were unfounded.  (*Id.* ¶ 30.)

In April 2006, an internal investigation was initiated by Defendant Christie as a result of the District Attorney Defendants' allegations of child pornography.  (*Id.* ¶ 31.)  Defendant Pace provided the District Attorney with forty-seven (47) photographs that he claimed had been taken from Plaintiff Connors' computer, including pictures of a partially nude female in a police car.  (*Id.* ¶ 32.)  The Pennsylvania State Police conducted two (2) forensic examinations on the computer, and found that the pictures of the woman in the police car were not on the computer. (*Id.* ¶ 33.)  Forty-three (43) of the pictures were pictures of Plaintiff Sabfulski, which Plaintiff Connors admitted to taking.  (*Id.* ¶ 34.)

In October 2006, Defendant Pace communicated to Kelly Yanchulis, a friend of Plaintiff Connors, that Plaintiff Connors was a child molester.  (*Id.* ¶ 35.)  Defendant Pace told Yanchulis this information although he knew it was untrue.  (*Id.*)

In February 2007, Plaintiff Connors received a report from Defendant Parker that

revealed the October 20, 2005 meeting between Defendants Pace, Lupas, Carroll, Dessoye, Violi, and Parker.  (*Id.*  ¶ 36.)  Also during February 2007, Defendant Parker closed the case against Plaintiff Connors due to lack of evidence.  (*Id.* ¶ 37.)

Shortly thereafter, Defendant Dessoye, at the request of Defendant Lupas, took the computer and a disk from the Luzerne County District Attorney's Office to the Federal Bureau of Investigation ("FBI") to search for the four (4) photographs of a nude female in a police car.  (*Id.* ¶ 38.)  Defendant Dessoye was told that these photographs did not exist.  (*Id.*)

Defendants Pace, Parker, Dessoye and Winterbottom spread and published the nude photographs of Plaintiff Sabfulski.  (*Id.* ¶ 48.)  The nude photographs of Plaintiff Sabfulski were also sent to the FBI.  (*Id.* ¶ 39.)  These photographs were made part of a BPR investigation of Plaintiff Connors by the Pennsylvania State Police.  (*Id.*)  Defendant Winterbottom conducted this BPR investigation at the request of Defendant Christie.  (*Id.* ¶ 40.)  Defendant Winterbottom refused to provide a copy of the BPR report to Plaintiff Connors.  (*Id.* ¶ 41.)  To this date, he has not received a copy of the BPR reports.  (*Id.* ¶ 42.)

Plaintiffs Connors and Sabfulski filed their Complaint on November 30, 2007. (Doc. 1.)  Defendants Winterbottom and Christie filed the present motion to dismiss on March 17, 2008.  (Doc. 24.)  The motion is fully briefed and ripe for discussion.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of

a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, Plaintiff has not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 1960, 167 L.Ed.2d 929 (2007), meaning, enough factual allegations "to raise a reasonable expectation that discovery will reveal evidence of" each necessary element.  *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring complaint to set forth information from which each element of a claim may be inferred).  In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam).  "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8."  *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied*, 510 U.S. 1042 (1994).  The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss.  *Id.*  The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint,

*see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor

credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch.*

*Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining

whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v.*

*Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will

ultimately prevail. *See id.* The defendant bears the burden of establishing that the

plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould*

*Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

### I.    Section 1983 Claims

Under 42 U.S.C. § 1983, every person who, under color of state law, subjects any

citizen of the United States to the deprivation of any federal right shall be liable to the

party injured. Plaintiffs Connors and Sabfulski bring constitutional claims against the

Defendants for violations of their First, Fourth, and Fourteenth Amendment rights.

### A.    First Amendment Claim

Defendants Winterbottom and Christie argue that Plaintiff Sabfulski's First

Amendment retaliation claim against them should be dismissed. A claim for First

Amendment retaliation has three elements: (1) that plaintiff engaged in conduct or

speech protected by the First Amendment; (2) that the government responded with

retaliatory action sufficient to deter a person of ordinary firmness from exercising his First

Amendment rights; and (3) that the protected activity caused the retaliation. *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006).

In this case, Plaintiff Sabfulski has failed to allege protected activity. The protected activity alleged in the Complaint reflects only Plaintiff Connors' allegations of protected activity - the right to redress grievances in the form of child custody hearings. (Compl. ¶¶ 1, 47, Doc. 1.) The Complaint fails to allege any protected activity on the part of Plaintiff Sabfulski. Therefore, the First Amendment retaliation claim by Plaintiff Sabfulski against Defendants Winterbottom and Christie will be dismissed.

*B      Fourth Amendment Claim*

Plaintiff Connors alleges a Fourth Amendment claim against both Defendants Winterbottom and Christie. Defendant Connors specifically alleges that his computer was unlawfully searched by Defendants Parker and Dessoye in violation of his Fourth Amendment rights. (Compl. ¶¶ 28, 44, Doc. 1.) Plaintiff Sabfulski also alleges that "her 4th Amendment rights were violated by . . . Winterbottom." (*Id.* ¶ 1.)

In detailing the specifics regarding Plaintiff Connors' computer and the files on that computer, Plaintiff alleges that in "April 2006, an internal investigation was initiated by Lisa Christie as a result of the DA defendants allegations of child pornography." (*Id.* ¶ 31.) Plaintiff further alleges that Defendant Pace provided the District Attorneys with forty-seven (47) photographs from the computer in question, and that "[f]orty-three pictures that were provided to the PSP were pictures of Plaintiff Sabfulski that Plaintiff Connors admitted to taking." (*Id.* ¶¶ 32, 34.) Plaintiff also notes that those photographs were made part of a BPR investigation conducted by the Pennsylvania State Police. (*Id.*

¶ 39.)  A forensic exam was conducted on the computer by the Pennsylvania State Police in connection with the investigation. (*Id.* ¶ 33.)

The Fourth Amendment to the United States Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."   The Fourth Amendment, applied to the States through the Fourteenth Amendment, applies to state government officials in various capacities. *O'Connor v. Ortega*, 480 U.S. 709, 715 (1987). Searches and seizure by government employers of the private property of their employees are within the confines of the Fourth Amendment.  *Id.*

In this case, the Plaintiffs' Complaint insufficiently alleges a Fourth Amendment claim against Defendants Winterbottom and Christie.  The Complaint fails to allege that these Defendants took any actions in contravention of the Fourth Amendment. Defendant Christie is only alleged to have initiated an internal investigation. (Compl. ¶ 31, Doc. 1.)  There is no allegation that Defendant Christie requested a search of the computer or the files on the computer. Similarly, there are no allegations of any actions taken by Defendant Winterbottom with regard to the Fourth Amendment claim.  With respect to the forensic testing, the Complaint alleges "The PSP conducted two forensic exams on the computer."  (*Id.* ¶ 33.)  The allegation that the Pennsylvania State Police conducted a search is insufficient to create an allegation against Defendants Winterbottom and Christie.  The Pennsylvania State Police are not a party to the action, and therefore the Complaint must make allegations against the named individuals.  This Complaint fails to do so.  In their brief, Defendants argue that "an investigation was conducted on plaintiff Martin Connors by defendant Winterbottom at the direction of

9

defendant Christie.  As part of that investigation, the defendants seized the plaintiff's

computer and conducted two forensic examinations on the computer." (Doc. 30.)

Therefore, it is possible that the Plaintiffs may be able to allege a Fourth Amendment

claim against Defendants Winterbottom and Christie.  However, at this time, the claim by

Plaintiffs Connors and Sabfulski will be dismissed, as they fail to allege actions sufficient

for a Fourth Amendment claim against Defendants Winterbottom and Christie.

C.      Fourteenth Amendment

1.      Procedural Due Process

Plaintiff Connors alleges a Fourteenth Amendment violation of his procedural due

process rights.  Specifically, he alleges that he was placed on restricted duty in October

2005 and that he was investigated by the Pennsylvania State Police.  (Compl. ¶¶ 26, 40-

41, 47, Doc. 1.)  The Fourteenth Amendment to the United States Constitution provides,

in pertinent part, "[n]o State shall . . . deprive any person of life, liberty, or property,

without due process of law; nor deny to any person within its jurisdiction the equal

protection of the laws."  U.S. CONST. amend XIV.  To establish a cause of action for a

procedural due process violation, Plaintiff must first prove that a person acting under

color of state law deprived him of a protected property or liberty interest; and second, he

must show that the procedures available to him failed to provide him with due process of

law.  *See, Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000).  Therefore, the first question

is whether Plaintiff Connors has sufficiently alleged a property or liberty interest.

a.      Restricted Duty

Plaintiff Connors' first allegation of a procedural due process violation is based

upon his placement on restricted duty in October 2005.  Previously, the District Court for

the Eastern District of Pennsylvania found that the placement of a Pennsylvania State

Police officer on restricted duty with confiscation of her badge, gun, and state vehicle did

not rise to the amount of a procedural due process violation. *Williams v. Pennsylvania*

*State Police Bureau of Liquor Control Enforcement,* 108 F. Supp. 2d 460, 470 (E.D. Pa.

2000).  The court found that "[t]he property interest plaintiff claims is far less substantial

than termination, formal demotion, or suspension without pay," and did not rise to the

level of a constitutional deprivation.  *Id.*  Although *Williams* considered a motion for

summary judgment, the Complaint in this case alleges no facts beyond those discussed

in *Williams*.

    Furthermore, even if Plaintiff Connors alleged a property interest based upon his

placement on restricted duty, his claim is barred by the statute of limitations.  The

Supreme Court has held that the statue of limitations for a § 1983 claim is the state

statute of limitations for personal injury.  *See Wilson v. Garcia*, 471 U.S. 261, 265 (1985).

In Pennsylvania, this statute of limitations is two (2) years.  42 Pa. Cons. Stat. Ann. §

5524.  Therefore, the applicable statute of limitations for Plaintiffs' Section 1983 claims is

two (2) years.

    A cause of action pursuant to § 1983 accrues "when the plaintiff knew or should

have known of the injury upon which the action is based." *Sameric Corp. of Del., Inc. v.*

*City of Philadelphia*, 142 F.3d 582, 599 (3d Cir.1998).  Defendants Winterbottom and

Christie maintain that Plaintiff Connors' procedural due process claim based upon his

placement on restricted duty arose prior to November 30, 2005, and is therefore time-

barred by the statute of limitations.  In defense, Plaintiff Connors asserts that his claim is

not time barred based upon the "discovery rule."  Pennsylvania courts recognize the

"discovery rule" in tolling the statute of limitations.  *Fine v. Checcio*, 870 A.2d 850, 858

(Pa. 2005).  The rule originated in cases where "the injury or its cause was neither known

nor reasonably knowable."  *Id.*

> The purpose of the discovery rule has been to exclude from
> the running of the statute of limitations that period of time
> during which a party who has not suffered an immediately
> ascertainable injury is reasonably unaware he has been
> injured, so that he has essentially the same rights as those
> who have suffered such an injury.

*Id.*  In such a case, the statute of limitations does not run until the person "discovers" the

injury.  *Id.*  However, the "discovery rule" is subject to the requirement of reasonable

diligence on the part of the plaintiff.  *Id.*

With respect to Plaintiff Connors, the injury and cause of his procedural due

process claim were immediately ascertainable.  Plaintiff argues that he did not know of

the conspiracy until February 2007.  However, the conspiracy is not the violation for

purposes of the statute of limitations.  Rather, the issue is whether he received a hearing

prior to his placement on restricted duty.  He knew or should have known that he did not

receive a hearing at the time of his placement on restrictive duty.  Therefore, the statute

of limitations has run with respect to this claim, and it will be dismissed.

*b.    BPR Investigation*

Plaintiff Connors also alleges that the BPR investigation violated his procedural

due process rights.  In *Karchnak v. Swatara Twp.*, No. 07-CV-1405, 2008 WL 376293, at

*8 (M.D. Pa. Feb. 11, 2008) (Rambo, J.), Judge Rambo held that an allegation of a

disciplinary "investigation" was insufficient to allege a procedural due process right.

Judge Rambo noted that the Plaintiff

> does not allege that any of the terms and conditions of her employment were affected thereby, much less that her tenure was affected by the disciplinary investigation. She does not state what, if any, disciplinary actions were taken against her as a result of the investigation. The bare fact that an investigation occurred is not sufficient to demonstrate that Plaintiff has been deprived of her property interest in continued employment.

*Id.*  The court noted that the plaintiff also failed to raise a liberty interest, as

"'[r]eputational harm can constitute a protected interest when coupled with an additional

deprivation of a protected right or interest.'"  *Id.* (citing *Baraka v. McGreevey*, 481 F.3d

187, 208 (3d Cir.2007)).  As the plaintiff alleged no injury beyond stigma to reputation, the

court found that the plaintiff's procedural due process allegation failed.

The same problems arise in Plaintiff Connors' Complaint.  Plaintiff alleges that

"[t]he actions of defendant Winterbottom in conducting an investigation and not giving

Plaintiff an opportunity to defend himself against baseless allegations against his

reputation and character violated the Plaintiff Connors' right to be afforded due process

under the law."  (Compl. ¶ 47, Doc. 1.)  However, Plaintiff fails to allege deprivation

besides stigma to reputation.  As in *Karchnak*, Plaintiff Connors has failed to allege a

property interest through his allegation of a BPR investigation.  Without more, this

allegation must fail.

Therefore, the Fourteenth Amendment procedural due process claim alleged by

Plaintiff Connors against Defendants Winterbottom and Christie will be dismissed.  Any

procedural due process claim brought by Plaintiff Sabfulski against these Defendants will

also be dismissed, as Plaintiff has failed to properly allege any facts of a procedural due

13

process violation.

    2.    Substantive Due Process

    Both Plaintiffs Connors and Sabfulski also allege a substantive due process

violation.  Specifically, they allege that "[b]oth plaintiffs' substantive due process rights

were violated by all defendants where egregious misconduct in violation of plaintiffs'

rights meets the shock the conscience standards of federal law."  (Compl. ¶ 1, Doc. 1.)

Furthermore, Plaintiffs argue that their "right to privacy" was violated when the nude

pictures of Plaintiff Sabfulski were handled.  (Compl. ¶ 1, Doc. 1.)

    In *DePiano v. Atlantic County*, No. Civ. A. 02-5441 RBK, 2005 WL 2143972, at

*11-12 (D.N.J. Sept. 2, 2005), the District Court for the District of New Jersey considered

whether the plaintiff's Fourteenth Amendment right to privacy was violated when a

defendant showed plaintiff's co-workers photographs of him cross-dressing.  The court

noted that "[h]e is specifically alleging that this was an intrusion upon seclusion of his

sexual activity, and that this constitutes a violation of his right to privacy under the

Fourteenth Amendment."  *Id.* at *11.  Judge Kugler noted that "the Third Circuit appears

disinclined to limit one's right against disclosure to one's sexual orientation. Rather, it

appears the details of one's sexual life in general are protected from disclosure absent an

overriding interest."  *Id.* at *12 n. 8.

    At this time, Plaintiffs have specifically alleged that Defendants Winterbottom and

Christie violated their rights to privacy with respect to the nude pictures of Plaintiff

Sabfulski. As in *DePiano*, nude photographs could fall within the "details of one's sexual

life," which would be protected from disclosure, given there is no overriding interest.  In

this case, Plaintiffs have sufficiently plead that they had a right to privacy in the nude

14

photographs of Plaintiff Sabfulski on Plaintiff Connors' computer.  Therefore, the motion to dismiss by Defendants Christie and Winterbottom will be denied.

## II.     State Law Claims - Defamation and Civil Conspiracy

Plaintiffs' Complaint includes state law claims of defamation and civil conspiracy . Defendants assert that Plaintiffs have failed to state a claim upon which relief may be granted for each of the claims.

### A.     State Sovereign Immunity

Defendants Winterbottom and Christie assert that they are immune from Plaintiffs' state law for defamation and civil conspiracy claims under principles of state law sovereign immunity.  Pennsylvania has expressly declared that the Commonwealth and employees and officials acting within the scope of their duties remain immune from suit except in cases of specific waiver.  1 PA. CONS. STAT. ANN. § 2310.  The waiver of sovereign immunity is limited to nine (9) exceptions.[1]  42 PA. CONS. STAT. ANN. § 8522. Furthermore, "[t]he exceptions to sovereign immunity are strictly construed '[b]ecause of the clear intent to insulate [the] government from exposure to tort liability.'" *Stackhouse v. Commonwealth of Pennsylvania*, 892 A.2d 54, 59 (Pa. Commw. Ct. 2006) (quoting *Dean v. Dep't of Transp.*, 751 A.2d 1130, 1132 (Pa. 2000)).  None of the exceptions apply here.

Sovereign immunity protects Commonwealth actors acting within the scope of their duties, and this protection extends to the imposition of liability for tort claims.  *La Frankie*

---

[1]Pennsylvania limits its waiver of sovereign immunity to (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines.

*v. Miklich*, 618 A.2d 1145, 1149 (Pa. Commw. Ct. 1992) (citing *Yakowicz v. McDermott*,

548 A.2d 1330 (Pa. Commw. Ct. 1988), *appeal denied*, 565 A.2d 1168 (Pa. 1989)

(sovereign immunity applied to defamation claim arising from a written performance

review)).

In *Boatin v. Metcalf*, 7 Pa. D. & C. 4th 382 (Pa. Com. Pl. 1990), a libel and slander

action by a citizen against a state police officer was brought in the Pennsylvania Court of

Common Pleas. *Id.* at 383. Plaintiff was in the business of renting automobiles to

students for purposes of practicing for a driver's license exam. *Id.* On one occasion, a

student was injured as a result of an accident in one of Plaintiff's cars. *Id.* Defendant

Metcalf told another officer during the investigation of a car accident that he believed that

the Plaintiff was extorting money in his business. *Id.* at 383-84. The court found that

Defendant Metcalf was protected from suit by sovereign immunity, as the exceptions only

apply to negligence actions. *Id.* at 384-85. Because Defendant Metcalf was acting

"within the scope of his office or employment," he was immune from suit. *Id.* at 385.

Therefore, a question exists as to whether Defendants Winterbottom and Christie

were acting within the scope of their duties. If they were, they are immune to suit for the

claims of defamation and civil conspiracy. However, if they were acting outside the scope

of their employment, they would not enjoy such immunity. At this time, it is unclear as to

whether the Defendants were acting within the scope of their duties. Therefore, the Court

will not grant Defendants' motion to dismiss the state law claims at this time.

   *B.    Eleventh Amendment*

   Defendants Winterbottom and Christie also assert state sovereign immunity

pursuant to the Eleventh Amendment.  The Eleventh Amendment provides that "[t]he

Judicial power of the United States shall not be construed to extend to any suit in law or

equity, commenced or prosecuted against one of the United States by Citizens of another

State, or by Citizens or Subjects of any Foreign State."  U.S. CONST. amend. XI.  Thus,

the Eleventh Amendment bars suit in federal court against a state or one of its agencies.

*Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam).  Only two exceptions apply

where an individual may sue a state.  First, Congress may authorize such a suit to

enforce the Fourteenth Amendment.  *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976).  Second,

a state may waive its sovereign immunity by consenting to suit.  *Clark v. Barnard*, 108

U.S. 436, 447-48 (1883).

In this case, Defendants argue that the Eleventh Amendment bars the state law

claims against them.  However, the Eleventh Amendment is inapplicable to the state law

claims, and rather applies to federal claims brought against persons acting in their official

capacity.  Defendants have not requested Eleventh Amendment immunity for their

federal claims, and therefore the Court will not consider it.


**CONCLUSION**

For the above reasons, Defendants Christie and Winterbottom's motion to dismiss

will be granted in part and denied in part.  Plaintiff Sabfulski's First Amendment retaliation

claim against Defendants Winterbottom and Christie will be dismissed, as Plaintiff

Sabfulski has failed to allege a protected activity.  The Fourth Amendment claims by

Plaintiffs Sabfulski and Martin Connors against Defendants Winterbottom and Christie

will also be dismissed, as the Complaint is devoid of allegations linking these particular

Defendants to a search.  Plaintiffs Sabfulski and Connors' Fourteenth Amendment

procedural due process claims against Defendants Winterbottom and Christie will be

dismissed, as Plaintiff Connors has failed to allege a sufficient property interest and is

barred by the statute of limitations.  Similarly, Plaintiff Sabfulski has failed to allege a

property interest for purposes of a procedural due process claim.  Defendants' motion to

dismiss the Fourteenth Amendment substantive due process claims will be denied

because Plaintiffs have properly alleged a privacy right in the nude photographs of

Plaintiff Sabfulski.  Finally, Defendants Winterbottom and Christie's motion to dismiss the

state law claims of defamation and civil conspiracy will be denied, as it is unclear at this

time if they are protected by state sovereign immunity.

An appropriate order will follow.


May 7, 2008                                                          /s/ A. Richard Caputo
Date                                                                    A. Richard Caputo
                                                                        United States District Judge

18

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MARTIN CONNORS and CATHERINE
SABFULSKI,

      Plaintiff,

          v.

LORI CONNORS, ROBERT PACE,
DEBORAH PARKER, DAVID LUPAS,
JACKIE CARROLL, NANCY VIOLI,
MICHAEL DESSOYE, KATHY JO
WINTERBOTTOM, and LISA CHRISTIE,

      Defendants.

NO. 3:07-CV-2186

(JUDGE CAPUTO)

## ORDER

    **NOW**, this  7th  day of May, 2008, **IT IS HEREBY ORDERED** that Defendants

Winterbottom and Christie's motion to dismiss (Doc. 24) is **GRANTED** in part and

**DENIED** in part as follows:

    (1)    Defendants Winterbottom and Christie's motion to dismiss Plaintiff Sabfulski's First Amendment retaliation claim is **GRANTED**. This claim is **DISMISSED**.

    (2)    Defendants Winterbottom and Christie's motion to dismiss Plaintiffs Sabfulski and Connors' Fourth Amendment claims is **GRANTED**. These claims are **DISMISSED**.

    (3)    Defendants Winterbottom and Christie's motion to dismiss Plaintiffs Sabfulski and Connors' Fourteenth Amendment procedural due process claims is **GRANTED**. These claims are **DISMISSED**.

    (4)    Defendants Winterbottom and Christie's motion to dismiss Plaintiffs Sabfulski and Connors' Fourteenth Amendment substantive due process claim is **DENIED**.

    (5)    Defendants Winterbottom and Christie's motion to dismiss Plaintiffs

Sabfulski and Connors' defamation and state civil conspiracy claim is **DENIED**.


/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge